UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELLEN M. PEAK,

    Plaintiff,

v.                                                         Case No. 1:04-CV-690

COMMISSIONER OF SOCIAL                    HON. GORDON J. QUIST
SECURITY,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Plaintiff's objections to the Magistrate Judge's Report and Recommendation issued on November 4, 2005. In his report and recommendation, the magistrate judge concluded that the Administrative Law Judge's (ALJ) determination that Plaintiff was not disabled because of pain was supported by substantial evidence. The magistrate judge noted that, although Plaintiff met the first prong of the *Duncan* test, she did not meet the second prong, either by presenting objective medical evidence to confirm the severity of her pain arising from her condition or by showing that her condition is of a severity that can reasonably be expected to give rise to the alleged pain. However, regarding Plaintiff's allegation of "bad nerves" resulting from the death of her son, the magistrate judge concluded that the ALJ should have ordered a consultative examination for Plaintiff, who was unrepresented during the administrative process and is proceeding *pro se* in this case, in order to properly develop the administrative record. The magistrate judge thus recommended that the matter be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to allow the Commissioner to obtain a consultative examination regarding Plaintiff's mental condition and to re-evaluate her alleged mental impairment based upon such examination.

In her objection, Plaintiff addresses only the issue of her alleged disabling pain and does not take issue with the magistrate judge's recommendation that the case be remanded to the Commissioner. After conducting a de novo review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

Plaintiff's objection merely restates her allegations of disabling pain without pointing out why the magistrate judge's conclusions are erroneous. Plaintiff does not even try to explain why the report and recommendation should be rejected, nor does she point to anything in the administrative record that undermines the magistrate judge's conclusion that the ALJ's decision regarding Plaintiff's complaints of pain was supported by substantial evidence in the record. It is well established that vague or general objections to a report and recommendation do not suffice; rather, they must be specific. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued November 4, 2005 (docket no. 16), is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that the ALJ's decision is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to allow the Commissioner to obtain a consultative examination regarding Plaintiff's mental condition and re-evaluate her alleged mental impairment.

Dated: December 27, 2005             /s/ Gordon J. Quist
                                        GORDON J. QUIST
                                 UNITED STATES DISTRICT JUDGE